JEREMIAH D. COREY v. THE PROBATE JUDGE FOR JACKSON COUNTY.

*Township drain—Special drain commissioner.*

A special commissioner to lay out a drain in two counties cannot be appointed ex parte, without notice, and on the same day on which the application for his appointment is filed.

Certiorari. Submitted April 16. Quashed April 29.

*Hewett & Freeman* and *Gibson & Parkinson* for petitioners. Notice of proceedings pending for the appointment of a special drain commissioner is jurisdictional : *Whiteford v. Probate Judge* 54 Mich. 130 ; *Frost v. Leatherman* 55 Mich. 33 ; *Bettis v. Probate Judge* 54 Mich. 608 ; *Bixby v. Goss* 54 Mich. 551 ; those who have not signed the petition, but are interested by reason of their lands being in so close a proximity to such drain as to be assessed for benefits, have a right to be heard on the question of the necessity and desirability and practicability of the drain as well as the suitableness of the nominee : *Van Buskirk v. Harrod* 48 Mich. 258 ; *Reinig v. Munson* 46 Mich. 138 ; *Lampson v. Comr.* 45 Mich. 150 ; *Wright v. Rowley* 44 Mich. 557 ; *Willcheck v. Edwards* 42 Mich. 105 ; *Strachan v. Brown* 39 Mich. 168.

CAMPBELL, J. This is a proceeding by certiorari to review the action of a special drain commissioner appointed by the probate judge of Jackson county to lay a drain in two counties—Jackson and Washtenaw. As respondents have not thought it worth while to attempt any defense of the proceedings, it is not desirable to discuss them at large.

Apart from the question of the power of the probate judge to make the appointment of the official complained of, it is objected, and the record sustains the objection, that the commissioner was appointed ex parte on the same day the application for his appointment was filed, and without notice to any one. This defect is a radical one, showing the probate

court had no jurisdiction to act, and the subsequent errors need not be considered. The proceedings must be quashed as against the plaintiffs in certiorari.

The other Justices concurred.